## Medical Malpractice

KANE, Attorney General, LICHTMAN, Deputy Attorney General, YAKOWICZ, Solicitor General, March 31, 1977—You have requested our opinion as to whether professional corporations, as defined in the Professional Corporation Law of July 9, 1970, P.L. 461, 15 P.S. §2901 et seq., are health care providers as defined in section 103 of the Health Care Services Malpractice Act of October

15, 1975, P.L. 390, 40 P.S. §1301.103 (Act). Your question arises from the fact that only health care providers, as defined by the Act, are required to carry professional liability insurance and are entitled to participate in the Medical Professional Catastrophe Loss Fund (Fund), established by said Act.

It is our opinion, and you are so advised, that professional corporations are not health care providers as defined by the Act. This being so, professional corporations are not required to carry professional liability insurance. Nor are they entitled to participate in the excess insurance coverage provided by the Fund; therefore, they are not liable for payment of the ten percent surcharge levied by the Fund.

Section 103 of the Act defines health care provider as follows:

"Health care provider" means a person, corporation, facility, institution or other entity licensed or approved by the Commonwealth to provide health care or professional services as a physician, including a medical doctor and a doctor of osteopathy and a doctor of podiatry; hospital; nursing home; health maintenance organization; or an officer, employee or agent of any of them acting in the course and scope of his employment."

Professional corporations are neither licensed nor approved by the Commonwealth to provide health care or professional services. The state boards of medical education and licensure, osteopathic examiners and podiatry examiners make no review or investigation of any prospective professional corporation; they take no action whatsoever with respect to licensure or approval of professional corporations. Rather, the professional

corporation is effectuated either by direct incorporation under the Professional Corporation Law, 15 P.S. §2907 or, in the case of a professional association, by filing a certificate with the Department of State which includes the following: (1) The name and address of the professional association; (2) The name of the county in the office of the prothonotary of which the initial articles of association of the association were filed; and (3) A statement that the associates of the professional association have elected to accept the provisions of this act (the Professional Corporation Law) for the government and regulation of the affairs of the association: 15 P.S. §2904(b).

In no way does the Department of State make any kind of evaluation concerning licensure or approval of the professional corporation. The Professional Corporation Law itself makes no mention of licensure or approval. All that it is intended to do is "authorize . . . licensed persons to render professional services by means of a professional corporation . . ." 15 P.S. §2903.

The conclusion that professional corporations were not intended to be included under the Act is substantiated by the 1976 amendments to The C.P.A. Law of May 26, 1947, P.L. 318, 63 P.S. §9.1 et seq., December 8, 1976, P.L. 766 (No. 286), 63 P.S. §9.1. One of the amendments specifically mandates that professional corporations carry professional liability insurance or maintain unimpaired capital in accordance with regulations promulgated by the State Board of Examiners of Public Accountants: 63 P.S. §9.8(d)(7). No such provision exists in the Health Care Services Malpractice Act or the amendments thereto.

Moreover, the aforementioned amendments added the following to the definition section of The C.P.A. Law: " 'Corporations' Professional corporations and professional associations as defined by the act of July 9, 1970 (P.L. 461, No. 160), known as the Professional Corporation Law, and the act of August 7, 1961 (P.L. 941, No. 416), known as the Professional Association Act, and any amendments thereof."

That definition was included in addition to the definition of "certified public accountant." Although the definition of health care provider in the act was amended six months after the passage of the act, no similar addition of professional corporations was made.

To summarize, a professional corporation is not a health care provider within the meaning of the act. Therefore, a professional corporation is not required to carry professional liability insurance, or to pay the ten percent surcharge levied by the fund, nor may it participate in the excess insurance coverage provided by the Fund.